UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



DONDRILL G. WHITE, #347780,

    Petitioner,

v.                               2:07CV571

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to the denial of jail time credits, related to petitioner's convictions on March 14, 2005, in the Circuit Court for the City of Portsmouth, Virginia, and March 29, 2005, in the Circuit Court for the City of Chesapeake, Virginia. Petitioner does not, in this proceeding, attack the underlying convictions.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on June 24, 2008. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on July 9, 2008, objections to the report.

The Court, having reviewed the record and examined the objections filed by the petitioner and having made de novo findings with

respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate Judge. Therefore, it is ORDERED that the petition be DENIED and DISMISSED on the merits and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the Magistrate Judge deciding this matter without a hearing, and thereby exceeding his authority, the objection is without merit. The provisions of 28 U.S.C. § 636(b)(1)(B), permit the District Court to "designate a magistrate judge . . . to submit . . . proposed findings of fact and recommendations for the disposition . . . of any motion . . . for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement." The designation of the Magistrate Judge was done pursuant to statute and pursuant to the standing order of the District Court Judges dated September 2, 1991. The Magistrate Judge deciding this matter without a hearing was proper, because the facts in this case do not support such a hearing.

To the extent that petitioner objects to the Magistrate Judge's findings regarding the calculation of his time, the objection is without merit. The affidavit of Wendy K. Brown, manager of the Court and Legal Services Section of the Virginia Department of Corrections, explains in detail how petitioner's time was calculated. When petitioner arrived at the penitentiary, he had already been credited with all the time to which he was entitled.

To the extent that petitioner asserts that the computation of his credits amounts to discrimination, the claim is frivolous and almost abusive. Petitioner's complaints regarding the difference between how

a prisoner on bond and a prisoner in pretrial are treated is irrelevant. Neither of these allegations require further consideration.

Petitioner's claim, based on a third Circuit case, of the right to challenge incarceration is not applicable. There has always been a method of challenging incarceration in Virginia, but petitioner chose not to follow those procedures. Most importantly, petitioner did not take his appeal to the Supreme Court of Virginia. A petition for writ of mandamus is not an appropriate alterative form of action.

To the extent that petitioner objects to the Magistrate Judge granting respondent's motion to dismiss, the objection is without merit. Contrary to petitioner's claim, respondent had no duty to do any more than what was done when notified of petitioner's complaint. The administrative procedures in place were followed, and the decisions made do not reflect an abuse of discretion.

Petitioner boldly assets that if respondent had referred his complaint to the state Attorney General's Office in 2005, when he first filed his complaint, "it is likely that [he] would have been released in a matter of days." (Obj. at 6.) There is simply no facts to support such a statement. The state has not "compounded" petitioner's sentences but has dealt with the sentences as imposed: In one case, he was sentenced to five years, with three years and three months suspended, and in the other case, he was sentenced to two years and ten months. These sentences came after petitioner was sentenced to time served on a preceding charge. He started from scratch, and there is no basis for his claims.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of

3

this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

/s/
Rebecca Beach Smith
United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

August 11, 2008